FILED
2015 Sep-30 PM 12:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PATRICIA ANN GRISWOLD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.:  2:15-MC-1495-VEH |
| | ) |
| **OAKS ON PARKWOOD,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

**I.     Introduction and Procedural History**

On August 31, 2015, Plaintiff Patricia Ann Griswold ("Ms. Griswold"), who is proceeding *pro se*, filed an Application Under Section 706(f) of the Civil Rights Act of 1964 (Doc. 1) (the "Title VII Application")[1] against her former employer, Oaks on Parkwood ("Oaks"). (*See generally* Doc. 1). Within this Title VII Application, Ms. Griswold requested both that an attorney be appointed to represent her and that she be able to proceed in litigating her case without the prepayment of fees. (Doc. 1 at 1).

Perceiving some jurisdictional deficiencies in Ms. Griswold's Title VII Application, the court entered an order (Doc. 2) on August 31, 2015, which required

---

[1] The Civil Rights Act of 1964 is a federal anti-discrimination law that is also commonly referred to as Title VII.

Ms. Griswold to replead her claims on later than Monday, September 28, 2015, or risk a dismissal of her entire case. (Doc. 2 at 4). Specifically, the court stated:

> **The failure of Ms. Griswold to adequately replead her allegations by Monday, September 28, 2015, as set forth above may result in an order dismissing this case <u>without prejudice</u> for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Alternatively, if Ms. Griswold neglects to replead as required, then the court may dismiss this case <u>without prejudice</u> for want of prosecution. Fed. R. Civ. P. 41(b).**

(Doc. 2 at 4 (emphasis in original)). In light of the need for repleader, the court deferred ruling on Ms. Griswold's attorney appointment and prepayment of fees requests. (Doc. 2 at 4).

The record shows that Ms. Griswold received the court's repleader order on September 14, 2015 (Doc. 3) and yet her repleader deadline has passed without any filing from Ms. Griswold. Under such circumstances and as explained more fully below, the court concludes that Ms. Griswold's Title VII Application against Oaks is due to be dismissed without prejudice *sua sponte*.

## II.   Analysis

As the foregoing procedural history reveals, Ms. Griswold has neither complied with the requirement that she replead her claims nor provided any explanation to the court for this non-compliance. Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant

may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

Further, case law reinforces that, as a result of Ms. Griswold's failure to comply with the repleader order or otherwise indicate an intent that she still wishes to pursue claims against Oaks (*e.g.*, such as by seeking an extension of time in which to restate her claims), the court possesses the inherent power to dismiss her case *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf. Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *cf. also* Fed. R. Civ. P. 1 ("[These rules] should be construed and administered to secure the just, <u>speedy</u>, and inexpensive determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an

order, <u>especially where the litigant has been forewarned</u>, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, by virtue of the court's order requiring repleader, Ms. Griswold was put on notice that the court would consider dismissing her case for lack of prosecution if she failed to timely and adequately comply (Doc. 2 at 4) and, nonetheless, she ignored that warning and filed nothing. "[A] plaintiff who ignore[s] notices and orders of the court [is not] excused merely because of her *pro se* status." *Moon*, 863 F.2d at 838 n.5 (citing *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 (5th Cir. 1980));[2] *see also Moon*, 863 F.2d at 837 ("[O]nce a *pro se* IFP litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

    Guided by the foregoing legal framework, the court concludes that dismissing Ms. Griswold's action against Oaks "without prejudice" (rather than "with prejudice") is the most appropriate measure to take, especially as Ms. Griswold is representing herself. *Cf. Phipps v. Blakeny*, 8 F.3d 788, 790-91 (11th Cir. 1993) ("When the record clearly demonstrates that a plaintiff deliberately and defiantly

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

refused to comply with several court orders on discovery and tells the court that [s]he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case."). Simply put, a "without prejudice" dismissal means that the merits of Ms. Griswold's claims against Oaks, if any, are not barred from further litigation by such an order. Additionally, a "without prejudice" dismissal is consistent with the above language of the court's prior warning to Ms. Griswold in the event that she failed to replead her claims in a manner that demonstrated the court's authority to appropriately exercise subject matter jurisdiction.[3] (Doc. 2 at 4).

## III. Conclusion

Therefore, Ms. Griswold's claims against Oaks are due to be dismissed without prejudice due to her failure to prosecute as provided for under the Federal Rules of Civil Procedure and the express requirements of this court's August 31, 2015, memorandum opinion and order. Further, as a result of this dismissal, Ms. Griswold's previously deferred requests for the appointment of an attorney and permission to proceed without prepayment of fees are due to be termed as moot. The court will

---

[3] A jurisdictional dismissal is always a "without prejudice" one. *See, e.g., Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." citing *Crotwell v. Hockman–Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984))).

enter a separate order in conformance with this memorandum opinion.

**DONE** and **ORDERED** this the 30th day of September, 2015.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge